IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAWN L. JACOBS,

       Petitioner,

v.                                                CIV 09-0296 MCA/GBW

FNU BRAVO, Warden,
and GARY K. KING,
New Mexico Attorney General

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on consideration of Shawn Jacobs' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed March 26, 2009, and Respondent's motion to dismiss, filed May 5, 2009. *Doc. 1, Doc. 8*. Since Mr. Jacobs filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *See Abdul-Kabir v. Quarterman,* 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons*, 531 F.3d 1306, 1319 (10th Cir. 2008). Respondent asserts that the petition is a second or successive petition and should be dismissed with prejudice. *See Doc. 8 at 5-8*. I agree and recommend petition be dismissed with prejudice pursuant to 28 U.S.C. § 2244(b).

## **Background**

After a jury trial, Mr. Jacobs was found guilty of the following crimes:

a) First Degree Murder (Willful and Deliberate), a capital felony offense;
b) Felony Murder (First Degree Murder), a capital felony offense;
c) Kidnaping (Great Bodily Harm) (Firearm Enhancement), a first degree felony offense;
d) Attempt to Commit Criminal Sexual Penetration in the Second Degree (Personal Injury) (Firearm Enhancement), a third degree felony offense;
e) Armed Robbery (Firearm Enhancement), a second degree felony offense;
f) Two Counts of Tampering with Evidence, a fourth degree felony offense;
g) Unlawful Taking of a Motor Vehicle, a fourth degree felony offense;
h) Receiving or Transferring a Stolen Vehicle (Possession), a special penalty fourth degree felony offense;
i) Possession of a Firearm or Destructive Device by a Felon, a fourth degree felony offense;
j) Escape from Jail, a fourth degree felony offense
k) Escape from a Peace Officer, a fourth degree felony offense

*Doc. 8 at 11-12.* On November 13, 1996, Mr. Jacobs was sentenced to death plus sixty-nine (69) years and six months in prison. *See id. at 13-18.*

On appeal, the New Mexico Supreme Court affirmed his conviction but reversed the death sentence. *See State v. Jacobs*, 10 P.3d 127 (N.M. 2000). On remand, the court sentenced Mr. Jacobs to life imprisonment plus sixty-nine (69) years and six months. Mr. Jacobs then challenged his conviction through a series of state habeas proceedings which were all denied. He filed a petition for a writ of certiorari with the New Mexico Supreme Court which was denied on April 30, 2004. Following this, Mr. Jacobs filed a federal petition for a writ of habeas corpus before this Court on May 5, 2004. *See Shawn*

*Jacobs v. Erasmo Bravo, Warden and Patricia Madrid*, No. CIV-04-0551 (D.N.M. Dec. 21, 2007) (*Jacobs I*). That Petition raised several issues including double jeopardy violations, alleged use of false evidence and prosecutorial misconduct, improper denial of motions to suppress evidence, improper joinder of charges, deprivation of a fair and impartial jury, improper habitual offender sentencing, and ineffective assistance of counsel. *See id. at Doc. 22*. All of these claims were considered by the district court and dismissed with prejudice. *Id. at Doc. 26*. The dismissal was upheld on appeal and the Supreme Court denied certiorari on December 21, 2007. *Id. at Docs. 48-53*. Mr. Jacobs filed this second federal habeas petition on March 26, 2009. *Doc. 1.*

## Analysis

In his second petition, Mr. Jacobs raises three claims: the discovery of new exculpatory evidence, ineffective assistance of counsel, and prosecutorial misconduct. *See Doc. 1 at 4-8*. AEDPA, codified as 28 U.S.C. § 2244, established a clear methodology for handling claims brought in a second or successive habeas application:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005).

Mr. Jacobs' claim of prosecutorial misconduct based on the use of allegedly "false and tampered evidence" was raised and adjudicated in Mr. Jacobs' previous federal habeas application brought in this Court. *See Jacobs I at Doc. 22*. Accordingly, this claim must be dismissed outright. *See* § 2244(b)(1); *Gonzalez*, 545 U.S. at 529-30.

Mr. Jacobs' remaining claims arise from his alleged receipt of a letter on October 9, 1998. The letter purports to be from Mr. Robert Clark who testified against Mr. Jacobs at trial. The letter states that the writer committed the murder himself and "setup" Mr. Jacobs. *Doc. 1 at 4-7, Ex. 1*. Mr. Jacobs raises two claims based upon this letter. First, Mr. Jacobs argues that this letter is newly discovered evidence which establishes his innocence of the murder. *Doc. 1 at 4-6*. Second, Mr. Jacobs argues that he received ineffective assistance of counsel because he "put in his first writ of Habeas Corpus filed in Court on 10-07-02 [the] issue of the New Evidence concerning the letter from Mr. Clark [and his] Counsel removed this issue without even talking to [him]." *Doc. 1 at 7*.

Since neither of the claims based upon the letter were raised in Mr. Jacobs' previous federal habeas application, they should be dismissed unless Mr. Jacobs can show that: (1) it "relies on a new rule of constitutional law, made retroactive . . . by the Supreme Court," or (2) "the factual predicate for the claim could not have been

4

discovered previously through the exercise of due diligence" and "the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2)(A)-(B).  Moreover, pursuant to § 2244(b)(3)(A), before this Court can consider Mr. Jacobs' second or successive claim, he must apply to the Tenth Circuit Court of Appeals for an order authorizing such review.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).  Absent such authorization, this Court lacks jurisdiction to consider the merits of Mr. Jacobs' § 2254 claim.  *Id.* at 1251.

Here, Mr. Jacobs does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application, nor has the Court discovered any evidence of such authorization.  Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  *See id*. at 1252.

The factors to consider in deciding whether a transfer, as opposed to a dismissal, is in the interest of justice include: (1) whether the claims would be time-barred if newly filed in the proper forum, (2) whether the claims alleged are likely to have merit, and (3) whether the claims were filed in good faith or, rather, it was clear at the time of filing that the court lacked the requisite jurisdiction.  *Id.* at 1251.

In the case at hand, all the factors weigh in favor of dismissing outright the two

claims based on the letter. First, these claims, if filed anew in the proper forum, would clearly be time-barred. *See* 28 U.S.C. § 2244(d)(1). AEDPA established a one year statute of limitations for bringing habeas petitions pursuant to § 2254. *Id*. The one year statute of limitations is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending. *Id*. at § 2244(d)(2). Mr. Jacobs exhausted his state court relief on April 30, 2004, when his petition for writ of certiorari for his state habeas proceedings was denied. As described more fully below, both these claims were available to be made by Mr. Jacobs at that time and, therefore, the statute of limitations began to run against those claims on April 30, 2004.[1] Consequently, the latest date Mr. Jacobs could have brought these claims in a federal habeas application was April 30, 2005. *E.g., United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003) (calculations under AEDPA should be made using the "anniversary date" method: same date, only one year later). In short, at the time of the filing of Mr. Jacobs' second petition, these claims were time-barred by almost four years.

Second, these claims lack any merit because they fail on their face to satisfy the

---

[1] The Court has used this date for the sake of simplicity. In reality, significant periods of time had already run against the statute of limitation for both claims (although different numbers of days for each claim) by April 30, 2004. However, since these claims are so far past the one-year deadline, it is unnecessary to further confuse matters with the precise calculations. It is sufficient here that, even ignoring some of Mr. Jacobs' delay in bringing these claims, they would be time-barred by almost four years.

standards for authorization.  *See Cline,* 531 F.3d at 1252 (If a second or successive claim fails on its face to satisfy the standards for authorization, a district court does not abuse its discretion in refusing to transfer the motion).  Neither of these claims is based on a new rule of constitutional law as required by § 2244(b)(2)(A).  Consequently, Mr. Jacobs must establish that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence."  § 2244(b)(2)(B).  It is clear from his petition that Mr. Jacobs cannot make this showing on either claim relating to the letter.  With respect to the claim that the letter constitutes exculpatory evidence, Mr. Jacobs acknowledges that he received the letter on October 9, 1998, which was six years before he filed his first federal habeas petition.  *Doc. 1 at 4*.  Therefore, the claim that the letter constitutes newly-discovered exculpatory evidence cannot meet the statutory requirement that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence."  § 2244(b)(2)(B).

     The ineffective assistance of counsel argument based on the allegation that his state counsel removed the "letter-is-exculpatory-evidence" claim from his state habeas petition suffers from the same defect.  For this claim, the relevant factual predicate is his counsel's failure to include the "letter-is-exculpatory-evidence" argument in Jacobs' state habeas petition.  Mr. Jacobs filed the first of his state habeas petitions in November 2000 and his final state habeas petition was denied by the trial court on March 31, 2004.

*Doc. 1 at 3*; *Jacobs I at Doc. 11 at 2*.  In his instant petition, Mr. Jacobs fails to provide any explanation for how he has failed until now to realize that this argument was not made in his state habeas petition.[2]  In fact, due diligence would demand that, at some point during the four years that Mr. Jacobs pursued state habeas relief, he review the filings in his case.  If he had done so, he would have discovered his counsel's alleged misdeed prior to the filing of his first federal habeas petition.

The final factor, whether the claims were filed in good faith or whether it was clear at the time of filing that the court lacked the requisite jurisdiction, also weighs in favor of outright dismissal.  At no point in his second petition does Mr. Jacobs make any credible attempt to explain why the claims raised are not barred under AEDPA's restrictions on second and successive petitions.  This failing, when added to the fact that Mr. Jacobs attempted to raise the exact prosecutorial misconduct claim specifically rejected by this Court five years ago, point to the lack of good faith in this filing.[3]

---

[2]  In fact, Mr. Jacobs' claim that he told his counsel he wanted the argument included in his state habeas petition, and yet his counsel removed it without his knowledge stretches credulity.  First, Mr. Jacobs presents no motive for his counsel to take it upon himself to redact such an important claim from the habeas petition.  Second, despite the fact that Mr. Jacobs' federal habeas petition was filed *pro se* without any possibility of that counsel's interference, Mr. Jacobs did not make this argument in his first federal petition.

[3] This conclusion is supported by Mr. Jacobs' history of filing frivolous lawsuits and petitions.  S*ee Jacobs v. Ulbarri, et al*, No.  CIV-05-1183 (D.N.M. Aug.  25, 2006); *see also Jacobs v. Ulbarri, et al*, No.  CIV-06-0469 (D.N.M. Oct.  12, 2007);  *see also Jacobs v. New Mexico Dept, et al*, No.  CIV-00-0139 (D.N.M. Mar. 8, 2001); *see also Jacobs v. Doe, et al*, No.

As a result, the Court concludes that a transfer of this action to the Tenth Circuit Court of Appeals is not in the interest of justice. Instead, the action should be dismissed with prejudice.

**Wherefore,** because Petitioner has filed a second or successive petition without prior authorization from the Tenth Circuit Court of Appeals,

**IT IS HEREBY RECOMMENDED THAT:**

1) Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 as a Second or Successive Petition *(Doc. 8)* be **GRANTED**; and

2) Shawn Jacobs' § 2254 habeas petition *(Doc. 1)* should be **DISMISSED** with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

---

CIV-02-0458 (D.N.M. Jun. 12, 2003); *see also Jacobs v. Corrections Corporation of America*, No. CIV-07-1224 (D.N.M. Feb. 14, 2008).